IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MYRA A. CONWAY                                                                                   PLAINTIFF

vs.                                      Civil No. 4:12-cv-04056

CAROLYN W. COLVIN                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

       Myra A. Conway ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

       Plaintiff filed her DIB application on November 7, 2008. (Tr. 12, 62-63). In her application, Plaintiff claims to be disabled due to tendinitis in her left hand, "sick spells," and surgery for breast cancer. (Tr. 84). Specifically, Plaintiff claims these impairments impact her in the following ways:

> I am left hand[ed] and I cannot use my left hand. It is hard for me [to] write, open jars. It is hard for me to do anything. Sometimes the medicine that I have, it does not work. I still have pain. I have pain from my arm all the way up to my neck.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

(Tr. 84). Plaintiff alleges an onset date of November 12, 2008. (Tr. 84). This application was denied initially and again upon reconsideration. (Tr. 36-37). Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 44-55).

Plaintiff's administrative hearing was held on June 18, 2010 in Texarkana, Arkansas. (Tr. 23-35). Plaintiff was present at this hearing, but she was not represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Mack Wilkes testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 4040.1563(c) (2008) (DIB). (Tr. 27). As for her level of education, Plaintiff testified she completed the eleventh grade in high school. *Id.*

On September 10, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 9-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 12, 2008, her alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: a history of bilateral carpal tunnel syndrome and a history of breast cancer status post-mastectomy. (Tr. 14-16, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-19, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b). Light work is defined as lifting, carrying, pushing, and/or pulling up to 20 pounds occasionally and up to 10 pounds frequently; sitting for up to 2-hours during an 8-hour workday; and standing and/or walking up to 6-hours during an 8-hour workday.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr.19, Finding 6). The VE testified at the administrative hearing regarding Plaintiff's PRW. *Id.* Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a venter or grader at a chicken plant, and Plaintiff retained the capacity to perform that PRW. *Id.* Because Plaintiff retained the capacity to perform this PRW, the ALJ determined Plaintiff had not been under a disability as defined in the Act from November 12, 2008 through the date of his decision or through September 10, 2010. (Tr. 19, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision, and on May 1, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On May 29, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 13, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 11. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ's decision is not supported by substantial evidence in the record because the ALJ failed to assess her impairments under the Listings; and (2) the ALJ erred in discrediting her alleged limitations and alleged chronic pain.  ECF No. 8 at 1-19.  Because this Court agrees with Plaintiff's second argument and finds the ALJ improperly performed a *Polaski* evaluation and improperly discounted her subjective complaints of chronic pain, this Court will only address the second issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

(3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with *Polaski* and did not give sufficient reasons for discounting Plaintiff's subjective complaints. In his opinion, the ALJ properly stated the *Polaski* factors but then discounted Plaintiff's subjective complaints for the sole reason that they were not supported by her medical records.  (Tr. 16-18).  For example, the ALJ stated, "[t]he claimant has

6

alleged that her ability to work and perform activities of daily living are severely limited due to her medical impairments; *however, the objective medical evidence does not fully support her allegations*." (emphasis added). The ALJ also added the following perfunctory statement regarding Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 17-18). The ALJ's decision to discount Plaintiff's subjective complaints based upon her medical records alone was in error and in violation of *Polaski*. See *Polaski,* 739 F.2d at 1322. Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3] A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of April 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.